UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

April 3, 2002

MEMORANDUM TO COUNSEL RE:      EEOC v. Harbor Hospital, Inc.,
Civil #L-00-2923

Dear Counsel:

On April 1, 2002, the Court held a telephone conference regarding scheduling.

Pursuant to the conference, the Pretrial Order is due June 21, 2002, and the Court will hold a Pretrial Conference on June 28, 2002, at 9:00 a.m. The three-day trial will commence on July 15, 2002, at 10:00 a.m.

Because this case has been extensively briefed, the Pretrial Order need only include the following items:

(i)     One set of voir dire questions. Mr. Harrison shall compile a list of proposed voir dire questions and submit them to Ms. Lawrence for review. Ms. Lawrence may then make any objections or additions to the list.

(ii)    One set of non-boilerplate jury instructions. Mr. Harrison shall compile a list of non-boilerplate jury instructions and submit them to Ms. Lawrence for review. Ms. Lawrence may then make any objections or additions to the list.

(iii)   List of Exhibits. Counsel shall indicate whether they intend to challenge any of the exhibits based on authenticity or admissibility.

(iv)    List of Witnesses, with Plaintiff designating first.

(v)     List and brief description of motions in limine.

Despite the informal nature of this memorandum, it shall constitute an Order of Court and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg

Enclosure (Court's boilerplate instructions)
c:      Court file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Plaintiff                              :
                                       :

        v.                             :        CIVIL NO. L-

Defendant                              :

    :           :           :          :          :           :           :

## JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 1

### (Introduction)

Members of the Jury:

Now that you have heard all the evidence, it becomes my duty to instruct you on the law applicable to this case.

You are not to be concerned with the wisdom of any rule of law. It is your duty to follow the law as I state it, and to apply the law to the facts as you find them from the evidence in this case.

1 BASIC PATTERN JURY INSTRUCTIONS, Civil Cases, U.S. Fifth Circuit (modified)

## COURT'S INSTRUCTION NO. 2

### (Instructions as a Whole)

In my instructions, I may state some rules or ideas in varying ways. I do this to make the rule or idea clear and not to emphasize it over the other instructions. You are not to single out any certain sentence or individual point or instruction and ignore the others. Rather, you are to consider all of my instructions as a whole, and you are to regard each instruction in light of all others.

Local Boilerplate

3

## COURT'S INSTRUCTION NO. 3

### (Duty to Follow Instructions)

It is your duty to base your verdict on the legal principles that I give to you, even if you believe that my instruction is wrong or that the legal principle is unwise. It would be a violation of your sworn duty for you to base a verdict upon any view of the law that differs from the instructions of the Court.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. [Corporations are entitled to the same fair trial at your hands as is a private individual.] The law is no more respectful of one person than another, and all persons [including corporations] stand equal before the law and are to be dealt with as equals in a court of justice.

4

**2B BASIC PATTERN JURY INSTRUCTIONS, Civil Cases, U.S. Fifth Circuit**

## COURT'S INSTRUCTION NO. 4

### (Jury Determines Facts

You and only you are the judges of the facts. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

In my instruction, I may refer to some of the evidence, testimony or exhibits in the case. In their closing arguments, counsel will refer to some of the evidence, testimony or exhibits. In reaching your verdict, you are not limited to the evidence referred to by counsel or by me. You may consider any evidence that you believe to be influential.

Local Boilerplate

6

## COURT'S INSTRUCTION NO. 5

### ("If You Find" or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

7

## COURT'S INSTRUCTION NO. 6

### (Consideration of the Evidence)

As stated earlier, it is your duty to determine the facts, and, in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you may only consider the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw

8

from the facts which have been established by the testimony and evidence in the case.

**3A BASIC PATTERN JURY INSTRUCTIONS**, Civil Cases, U.S. Fifth Circuit

## COURT'S INSTRUCTION NO. 7

### (Direct and Circumstantial Evidence)

As I mentioned to you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly find the truth. One is direct evidence -- such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Local Boilerplate

10

## COURT'S INSTRUCTION NO. 8

### (Stipulation of Facts)

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Sand, 74-4

11

## COURT'S INSTRUCTION NO. 9

### (Credibility of Witnesses)

Now, I have said that you should weigh and consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to the plaintiff or to the defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness, and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. In short, you may accept or reject the testimony of any witness in whole or in part.

4 BASIC PATTERN JURY INSTRUCTIONS, Civil Cases, U.S. Fifth Circuit

12

## COURT'S INSTRUCTION NO. 10

### (Expert Opinion Testimony Consideration)

You have heard the testimony of expert witnesses. A witness who has special training or experience in a given field is permitted to express opinions based on observed or assumed facts to aid you in deciding the issues in the case. In weighing the opinions of an expert, you should consider the expert's experience, training, and skills, and the expert's knowledge of the subject matter about which he or she is expressing an opinion.

You should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion together with all the other evidence.

MPJI 1:4

13

## COURT'S INSTRUCTION NO. 11

### (Number of Witnesses)

I will now speak to the issue of the quantity of the evidence. In a case, there may be a dispute of fact, such as whether a traffic light at the time of an accident was red or green. One side may produce many witnesses to testify that the light was red. The other side may produce only one witness to testify that the light was green. You are not bound to find that the light was red simply because a greater number of witnesses testified to that effect. You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but, rather, which witness and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

Local Boilerplate

14

## COURT'S INSTRUCTION NO. 12

### (Impeachment)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

5B BASIC PATTERN JURY INSTRUCTIONS, Civil Cases, U.S. Fifth Circuit

15

## COURT'S INSTRUCTION NO. 13

### (Court Rulings)

At times throughout the trial, the Court has been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with the Court's rulings or the reasons for them; whether evidence that has been offered is admissible or not is purely a question of law and a matter left to the Court.

In admitting evidence, to which an objection has been made, the Court does not determine what weight should be given to such evidence.

You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection.

Local Boilerplate

16

## COURT'S INSTRUCTION NO. 14

### (Burden of Proof)

In a civil action such as this, the party making a claim has the burden of proving every essential element of its claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining any fact in issue, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If a preponderance of the evidence does not support each essential element of a claim, then you should find against the party having the burden of proof as to that claim.

7B BASIC PATTERN JURY INSTRUCTIONS, Civil Cases, U.S. Fifth Circuit

17

## COURT'S INSTRUCTION NO. 15

### (Introduction to Substantive Claims)

The instructions which I have just given to you are more or less of a general nature applicable to all civil suits before this Court.

Now I am going to give you specific instructions on the claims and defenses relevant to this particular action.

Local Boilerplate

18

## COURT'S INSTRUCTION NO. 16

### (Damages - Introduction)

I am now going to instruct you on damages.  You, the jury, should keep in mind that simply because I am instructing you on the proper measure of damages for the claims in this action does not mean that damages should be awarded.  The instructions concerning damages must not be considered as an indication of the Court's view as to which party is entitled to your verdict in this case.  My instructions as to the measure of damages are given only for your guidance in the event that you should first have found in favor of the party in question.

Local Boilerplate

19

## COURT'S INSTRUCTION NO. 17

### (Duty to Deliberate)

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration with your fellow jurors of all the evidence in the case.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Local Boilerplate

20

## COURT'S INSTRUCTION NO. 18

(Communications with Court)

Upon retiring to the jury room, _____ will be your foreperson, that is, the person who will preside over your deliberations and who will be your spokesperson here in Court.

You are about to go into the jury room and begin your deliberations. Any communication with the Court should be made to be in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.


Sand, Instruction 9-3

Fifth Circuit, Basic Pattern Jury Instructions, # 12B, at 29 (1978)

21

## COURT'S INSTRUCTION NO. 19

### (Verdict Forms)

Although the foreperson has no greater vote than anyone else, after you retire to the jury room, your foreperson will preside over your deliberations and will be your spokesperson here in court.

A form of general [special] verdict has been prepared for your convenience. You will take this form to the jury room and complete it there. You will have your foreperson fill in, date, and sign the verdict form. You will then return with the completed the general [special] verdict to the courtroom.

I caution you that nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Local Boilerplate (modified)

Devitt & Blackmar, Instr. 74.06 & 74.07 (modified)

22

## COURT'S INSTRUCTION NO. 20

### (Reaching Verdict)

In conclusion, let me remind you once again that your verdict must be unanimous, reflecting the judgment of each and every one of you. You should approach the issues of this case in the manner in which you would approach any important matter that you have occasion to determine in the course of your everyday business. Consider them in the jury room deliberately and carefully, in the light of the instructions I have given you, and use the same common sense and the same intelligence that you would employ in determining any important matter that you have to decide in the course of your own affairs.

Local Boilerplate

23