UNITED STATES DISTRICT COURTS
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUL 12 P 3: 48

AT BALTIMORE

_____DEPUTY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY  COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. L-00cv-2923 |
| | ) | |
| HARBOR HOSPITAL CENTER, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____ FILED   _____ ENTERED
_____ LODGED  RECEIVED

JUL 10 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND  DEPUTY

CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the

"EEOC" or the "Commission"), against Defendant, Harbor Hospital Center, Inc.(hereinafter

Defendant), alleging that Defendant violated Section 703(a) of Title VII, 42 U.S.C. Section

2000e-2(a)  by failing to accommodate Theresa Higgins on the basis of her religion, which

resulted in her discharge.

Both the Commission and Defendant desire to resolve the Commission's action without

the time and expense of continued litigation, and they desire to formulate a plan to be embodied

in a Decree which will promote and effectuate the purposes of Title VII.

This Decree shall not constitute an adjudication on the merits of the Commission's case

and shall not be construed as an admission by Defendant of any discriminatory practice or as a

waiver by the Commission of any contentions of discrimination. The Court has examined this

Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil

Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully

advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1.      This Decree resolves all issues and claims alleged in the Complaint filed by the

Commission in this Title VII action which emanated from the Charge of Discrimination filed by

Theresa Higgins. Defendant filed an Answer denying the allegations.

2.      Defendant, its officers, agents, servants, employees and all persons acting or

claiming to act in its behalf and interest hereby are enjoined from refusing to reasonably

accommodate an employee's religious beliefs and practices when such accommodation would

not pose an undue hardship, with particular reference to the following provisions:

> It shall be an unlawful employment practice for an employer –
> to discharge any individual, or otherwise to discriminate against any individual
> . . . because of . . . religion.

42 U.S.C. §2000e-2(a)(1).

Section 701 (j) defines religion to include

> all aspects of religious observance and practice, as well as belief, unless an
> employer demonstrates that he is unable to reasonably accommodate an
> employee's ... religious observance or practice without undue hardship on the
> conduct of the employer's business.

42 U.S.C. §2000e-(j)

3.      In accordance with applicable law, Defendant agrees that it will not retaliate

against an employee or former employee for challenging Defendant's employment practices

under Title VII. Particular reference is made to the following provision:

> It shall be an unlawful employment practice for an employer to discriminate
> against any of his employees . . .because [an employee] has opposed any practice

made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. §2000e-3.

4.    Within ten days after entry of this Consent Decree, Defendant will pay to Theresa Higgins the amount of $100,000.00 as damages for lost wages and $12,500.00 as damages for emotional distress, totalling $112,500.00, less applicable withholdings and deductions as required by law, in full settlement of damages alleged by the Commission in this case. Based on the Commission's estimated allocations, the Hospital will issue Higgins a W-2 form for the amount allocated for lost wages and a Form 1099 for the amount allocated for emotional distress.

5.    Upon approval of this Decree, Defendant will post immediately in all places where notices to employees customarily are posted, the Notice attached hereto and made a part hereof. Said Notice attached hereto shall be posted and maintained for a period of at least one year from the date of posting and shall be signed by a responsible official of Defendant with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the attorney of record at the Baltimore District Office a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

6.  The Commission and Defendant shall bear their own costs and attorneys' fees.

The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                           FOR PLAINTIFF:


Deborah Kephart                          Gerald S. Kiel
Vice President, Support Services         Regional Attorney
Harbor Hospital Center, Inc.
3001 S. Hanover Street
Baltimore, Maryland 21225
(410) 350-3216


Bruce S. Harrison                        Debra M. Lawrence
Shawe & Rosenthal, LLP                   Supervisory Trial Attorney
Sun Life Building
20 South Charles Street                  EQUAL EMPLOYMENT OPPORTUNITY
Baltimore, Maryland 21201                    COMMISSION
(410) 752-1040                           Baltimore District Office
                                         10 S. Howard Street, 3d Floor
                                         Baltimore, Maryland 21201
                                         (410) 962-4349




**SO ORDERED.**

Signed and entered this ___ day of ____, 2002.


United States District Court Judge


4

## NOTICE TO EMPLOYEES

Under Section 703(a) of Title VII,

> It shall be an unlawful employment practice for an employer –
> to discharge any individual, or otherwise to discriminate against any individual
> . . . because of . . . religion.

42 U.S.C. §2000e-2(a)(1).

Section 701 (j) defines religion to include

> all aspects of religious observance and practice, as well as belief, unless an employer
> demonstrates that he is unable to reasonably accommodate an employee's ... religious
> observance or practice without undue hardship on the conduct of the employer's
> business.

42 U.S.C. §2000e-(j)

Under Section 704(a) of Title VII,

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . .because [an employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. §2000e-3.

Therefore, in accordance with the applicable law, and with Hospital policy and practice:

- We will not engage in any acts or practices made unlawful by the above sections.

- We will not discriminate or retaliate in any manner against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under the statute.

- We will reasonably accommodate our employees' religious beliefs and practices when such accommodation does not pose an undue hardship.

HARBOR HOSPITAL CENTER, INC.
(Employer)

Dated: _____    By: _____
                        (Representative)(Title)